O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5519 AHM (PJWx) | Date | June 11, 2010 |
|---|---|---|---|
| Title | MARSI ZINTEL v. PATRIOTS FEDERAL CREDIT UNION | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| S. Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**          IN CHAMBERS (No Proceedings Held)

The parties, Plaintiff Marsi Zintel and Defendant Patriots Federal Credit Union ("PFCU") have again moved for an order (1) certifying the proposed Settlement Class for settlement purposes only; (2) preliminarily approving the terms of the class settlement agreement; (3) directing notice to the class members; and (4) setting dates for submitting claims, opt-outs, objections, and a Final Approval Hearing.

In the Complaint, Plaintiff alleges that PFCU violated the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* by failing to provide adequate notice of transaction fees at ATM machines.

The parties previously moved for preliminary approval of the class settlement. At the April 26 hearing on that motion, I circulated a list of questions and list of unacceptable provisions in the proposed settlement. I denied the motion, and sanctioned Plaintiff's counsel (Mr. Harrison) for his failure to appear.

The parties now move again for preliminary approval of the class settlement. In addition to the motion papers, Mr. Harrison has provided his answers to the Court's questions and responses to the unacceptable provisions set forth in the April 26, 2010 Order. His responses are in his declaration.

The changes address most of the Court's concerns, with a few exceptions. Specifically:

- <u>Amount of Attorney's Fees</u>: The settlement still awards Harrison $12,500 in

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5519 AHM (PJWx) | Date | June 11, 2010 |
|---|---|---|---|
| Title | MARSI ZINTEL v. PATRIOTS FEDERAL CREDIT UNION | | |

attorneys' fees.  In his declaration, Mr. Harrison states that the lodestar calculation for this settlement would be $8,545.50, based on an hourly rate of $450.  He argues that "given the anticipated risk and uncertainty in the prosecution of a federal class action and now the potential benefit conferred on the class members, I did not believe that a fee of $12,500.00, was either excessive or unreasonable.  I understand, however, that my fee in this matter is subject to the approval of the Court."  (Harrison Decl. ¶ 13.)  Contrary to Mr. Harrison's unsupported assertion, this case was not particularly risky, nor did Mr. Harrison have to expend any substantial amount of time or money to investigate and pursue the claims.  It is one of several form-processed such cases.  Thus, I condition approval of the settlement contingent upon Mr. Harrison reducing his fees to $8,545.50 *at the most*.

- Sparse Argument on Whether Proposed Class Meets Rule 23 Requirements: In their joint motion, the parties state in very conclusory terms that the proposed class satisfies Rule 23(a) and Rule 23(b)(3).  They did clarify that the proposed class could include as many as 746 persons, because 746 transactions were conducted during the class period.  (*See* Decl. of Robert McNamara (President and CEO of PFCU.)  Zintel has provided a declaration stating that she conducted only one transaction during the class period.  It is likely that some of the remaining 745 transactions were made by the same person, and thus the number of putative class members will be less than 746.  The parties do not state whether it is feasible to determine how many unique withdrawals (*i.e.*, withdrawals made by someone who hadn't already made a withdrawal during the class period) were made during the class period.  In any event, the benefit of having such information might well be outweighed by the time and delay of obtaining it.

- No Justification for Class Recovery Amount: The parties do not  provide any information on how they arrived at the amount of class recovery.  In terms of recovery, the EFTA provides:

(a)  Individual or class action for damages; amount of award — Except as otherwise provided by this section and section 1693h  of this title, any person who fails to comply with any provision of this subchapter with respect to any consumer

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5519 AHM (PJWx) | Date | June 11, 2010 |
|---|---|---|---|
| Title | MARSI ZINTEL v. PATRIOTS FEDERAL CREDIT UNION | | |

. . . is liable to such consumer in an amount equal to the sum of—

\*\*\*

(2)  (B)  in the case of a class action, such amount as the court may allow, except that

> (i)  *as to each member of the class no minimum recovery shall be applicable*, and
>
> (ii)  the total recovery under this subparagraph in any class action or series of class actions arising out of the same failure to comply by the same person *shall not be more than the lesser of $500,000 or 1 per centum of the net worth of the defendant*[.] . . .

(b)  Factors determining amount of award — In determining the amount of liability in any action under subsection (a) of this section, the court shall consider, among other relevant factors—

\*\*\*

(2)  in any class action under subsection (a)(2)(B) of this section, *the frequency and persistence of noncompliance, the nature of such noncompliance, the resources of the defendant, the number of persons adversely affected, and the extent to which the noncompliance was intentional.*

15 U.S.C. § 1693m(a)-(b) (emphasis added).

I GRANT the parties' motion, subject to the following changes.

(1)  Reduce the amount of attorney's fees, as noted above.

(2)  Settlement Agreement:

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5519 AHM (PJWx) | Date | June 11, 2010 |
|---|---|---|---|
| Title | MARSI ZINTEL v. PATRIOTS FEDERAL CREDIT UNION | | |

      (A)      Correct sections 2.2(B) and 2.3, which refer to Plaintiff (who refers to herself as a female in the Complaint) as a male (as well as all other such incorrect references).

(3)      Exh. B to Settlement Agreement ("Notice of Class Action Settlement"):

      (A)      "The Settlement Fund will also be used to pay . . . The lawyers who filed the lawsuit their reasonable attorney fee, not to exceed $12,500.00 . . ." (p. 20)

          • This sentence is implies that there is more than one lawyer. There is not, and the sentence should be changed accordingly.

          • This sentence should be changed to state that Harrison "*will* receive not more than $8,545.50."

      (B)      "If you think the Settlement is unfair, you may object to it by writing a memo stating the specific reasons for your objection . . ."

          • Change this sentence to ". . . you may object to it by setting forth, in writing, your reasons for any objection."

(4)      Exhs. B and D ("Class Action Settlement Information") to Settlement Agreement:

      (A)      There is no address provided for the Settlement Administrator or the Court. The parties must include these addresses.

      (B)      The parties shall include in the Notice of Class Action Settlement and Class Action Settlement Information posted on the website an explanation of how they arrived at the class award amount (*i.e.*, the amount that goes to class members directly, which does not include the award of attorney's fees and costs of notice and administration).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5519 AHM (PJWx) | Date | June 11, 2010 |
|---|---|---|---|
| Title | MARSI ZINTEL v. PATRIOTS FEDERAL CREDIT UNION | | |

       The parties shall submit a revised [Proposed] Preliminary Settlement Approval Order, including a revised Settlement Agreement, Notice of Class Action Settlement, and Class Action Settlement Information by not later than noon on Friday, June 18, 2010.

       Assuming these documents reflect the above changes, the Court expects to be able to approve the [Proposed] Preliminary Settlement Approval Order on June 21, 2010. Notice shall be given to class members (in accordance with section 2.4 of the Settlement Agreement) by not later than July 4, 2010. Objections, opt-outs, and claim forms shall be post-marked not later than August 18, 2010 (45 days from when notice is given to class members).  The Final Approval Hearing shall be on September 13, 2010 at 10:00 a.m. in Courtroom 14.  The revised documents that the parties are to submit on June 18, 2010 shall reflect these dates, where appropriate.

       No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

                                            :

                    Initials of Preparer         se